Gerald MOLNAR, Plaintiff–Appellant,

v.

Jesse LOPEZ, Susan Voytal, Oakland County Community Health Services, and Oakland County, Defendants–Appellees.

No. 02–1424.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

Demosthenes A. Lorandos, Ann Arbor, MI, for Plaintiff–Appellant.

Owen J. Cummings, Ethan Vinson, Cummings, McClorey, Davis & Acho, Livonia, MI, Mark V. Schoen, Office of the Attorney General, Lansing, MI, Renee Molnar, pro se, Waterford, MI, William G. Pierson, Oakland County Prosecutor's Office, Pontiac, MI, for Defendants–Appellees.

Before DAUGHTREY and MOORE, Circuit Judges, and CALDWELL,* District Judge.

PER CURIAM.

In this § 1983 action, plaintiff Gerald Molnar alleged that several individuals and

---

* The Hon. Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

entities conspired to violate and did violate his substantive due process rights by interfering with his relationship with his son, in the aftermath of an apparently contentious divorce from the boy's mother. The district court, acting on the recommendation of the magistrate judge who initially heard the case, entered summary judgment in favor of the defendants. From this order, the plaintiff now appeals.

We note as a threshold matter that a question concerning the finality of district court's judgment has arisen as a result of the fact that, unlike the other defendants, Oakland County did not file a separate motion for dismissal or summary judgment. Because the district court's order of dismissal did not list the defendants individually, referring instead to "Jesse Lopez, et al.," it was not clear to us that the order was "final" for purposes of conferring appellate jurisdiction on this court. However, our further review of the complaint has convinced us that the district court's ruling on the claim against defendant Oakland County Mental Health Services necessarily precluded maintenance of the claim against Oakland County, which, according to the complaint, was based solely on "Monell liability." [1] Hence, under the authority of *Ford Motor Co. v. Transport Indemnity. Co.*, 795 F.2d 538, 543 (6th Cir.1986), we hold that the judgment below was based on a final order "despite the lack of an explicit declaration by the district court" dismissing Oakland County from this litigation.

As to the merits of the appeal, having had the benefit of oral argument and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated in the report and recommendation adopted by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order adopting the report and recommendation, dated and filed March 4, 2002.

---

**1.** We presume that the reference is to that form of governmental liability at issue in *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).